# SUPERIOR COURT.

## SPRING SESSIONS.

## 1878.

---

### WILLIAM S. HANSELL & SONS *v.* JACOB LEVY.

Agency may be inferred from circumstances and the conduct of the parties be-
tween whom the relation of principal and agent is alleged to subsist in the busi-
ness, and if A becomes the purchaser of the stock in trade of B at sheriff's
sale, but without removing the goods, and B remains in possession of them
and continues the business as agent, but without disclosing the name of his
principal, the jury will be warranted in presuming that A is his principal
in it.

ASSUMPSIT for goods sold and delivered by the plaintiffs, who
were merchants in Philadelphia, to the defendant, who resided
in Dover.

*Fulton,* for the plaintiffs, offered in evidence a check to their
order on the Farmers' Bank, at Georgetown, to pay for goods
sold to the defendant, as they alleged, but signed by "N. New-
man, Agent," and was not paid when presented at the bank for
want of funds to meet it.

*Penington,* for the defendant, objected to the admissibility of
it, as it was not evidence to support the action against Levy, the
defendant.

A witness was then called for the plaintiffs, and proved that he
was a clerk in the Farmers' Bank at Dover, and that N. New-
man kept an account in that bank, as agent, from 1875 to the

407

close of 1877, and was in the business of buying and selling ready-made clothing. Another witness proved that he was deputy sheriff of Kent County in 1874, and as such assisted in selling out at sheriff's sale, in that year, Newman's stock of goods in Dover, the bulk of which was bought by Levy, the defendant, but which were not removed from the store; nor did Newman leave it, but continued in the possession of it and of the goods, and in the selling of them as before the sale. The late sheriff of the county was also called as a witness and proved that during his term of office he had in hand an execution against Newman, not as agent but individually, and called at the store to see him about it, when he informed him the goods were not his but were Jacob Levy's.

*Penington* inquired of him if Jacob Levy was present when that statement was made to him by Newman, and on being answered by the witness that he was not, objected to the admissibility of his testimony, as it was not an admission made by the defendant or a statement made by Newman in his presence even, and was, therefore, not evidence, and asked the court to instruct the jury to that effect.

*Fulton* contended that it was competent evidence in the case, and cited *Story on Agency*, sec. 47; 2 *Greenl. Ev.*, secs. 59, 60, 63; *Geylin* v. *De Villeroi*, 2 *Houst.* 311.

*The Court, Comegys, C. J., charged the jury:* That the goods were sold by the plaintiffs to N. Newman, Agent, but without stating the person for whom he was acting as agent in the purchase of them, nor was that disclosed in his general conduct of the business of buying and selling goods as an agent at that time; but still, if he was then carrying on the business of buying and selling ready-made clothing with the knowledge and consent of Levy, the defendant, as his agent, Levy became his principal in the business, and was liable as such for all debts contracted by him in it, and was bound in law to pay for the goods sold by the plaintiffs to him, provided the jury were satisfied from the evidence in the case that he was then acting with

the knowledge and consent of the defendant as his agent in conducting and carrying on the business, although the fact that he was buying them as the agent of the defendant was unknown to the plaintiffs, if such was in fact the case, when they sold the goods to him. [ The act of the agent is the act of his principal, and the latter is bound by it provided it is done in good faith and in due execution of the authority conferred upon him for the purpose.] And wherever the acts of the agent will bind the principal, there his declarations or admissions in respect to the matter will also bind him if made at the time of the transaction; and such declarations or admissions so made by him may be proved by any one who heard them without producing the agent himself to prove them. But the jury must be satisfied from all the evidence in the case that Newman was the agent of the defendant in the business of carrying on the store, and continued in it as such after the sale of the stock of goods in it by the sheriff and the purchase of the greater part of them at the sale by the defendant. And as his agency in the business after that might be inferred from circumstances and the conduct of the parties between whom that relation is alleged to have subsisted in this case, the fact that the defendant became the purchaser of the goods without removing them from the store, and Newman remained in possession of them and continued the business of buying and selling such goods as agent, but without disclosing the name of his principal, the jury would be warranted in presuming that the defendant was his principal in it.